**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re: RICARDO CASTILLO MOLINA, Case No. 6:25-bk-01438-TPG
Chapter 7

Debtor.
_______________________________________/

GUILHERME LOPES DE SOUSA and
LOPES LAW PLLC,

Plaintiffs,

v. Adv. Proc. No. _________________

RICARDO CASTILLO MOLINA,

Defendant.
_______________________________________/

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Plaintiffs Guilherme Lopes De Sousa ("Lopes") and Lopes Law PLLC ("Lopes Law") (collectively, "Plaintiffs" or "Creditors"), by and through the undersigned counsel, file this Complaint against Defendant Ricardo Castillo Molina ("Debtor" or "Defendant") pursuant to 11 U.S.C. § 727(a)(4)(A), objecting to the Debtor's discharge, and in support thereof state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is timely filed within the deadline established by the Court.

**Parties**

5. Plaintiff Guilherme Lopes De Sousa is an individual and attorney with a New York-based law firm, Lopes Law, with an office in Orlando, Florida.

6. Plaintiff Lopes Law PLLC is a professional limited liability company.

7. Defendant Ricardo Castillo Molina is the debtor in the underlying bankruptcy case, Case No. 6:25-bk-01438-TPG.

**Factual Background**

*The Bankruptcy Case*

8. On March 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, electing to proceed under Subchapter V.

9. On December 22, 2025, this Court entered its Order converting this case from chapter 11 to chapter 7 [Doc. No. 182].

10. Emerson Noble is the duly appointed chapter 7 trustee (the "Trustee").

*The State Court Judgment*

11. Prior to the Petition Date, the Creditors filed a state court action against the Debtor in the Circuit Court of the Ninth Judicial Circuit, Osceola County, Florida, Case No. 2023-CA-002731-ON.

12. The Creditors alleged, among other things, that the Debtor failed to act with good faith, fairness, and loyalty towards Imigre Facil, LLC ("Imigre Facil"), unjustly enriched himself at their expense, defamed them, and intentionally and unjustifiably interfered with business relations between Lopes Law and Imigre Facil.

13. Following a six-day jury trial, on January 28, 2025, the state court entered a final judgment against the Debtor for money damages, awarding $186,000 to Lopes on his unjust enrichment claim, and awarding $3,975,604 to Lopes Law, allocated as follows: $3,696,604 for tortious interference, $264,000 for unjust enrichment, and $15,000 for breach of contract, for a total judgment of $4,161,604.

14. Additionally, the state court disassociated and expelled the Debtor from Imigre Facil, ending his involvement in the company.

15. The Debtor filed his bankruptcy case a little less than two months after entry of the state court judgment.

*The Debtor's Lack of Candor Regarding Scheduling of Creditors' Claims*

16. In his initial petition, the Debtor estimated his liabilities at between $1 million and $10 million.

17. In that same petition, the Debtor included Lopes's $186,000 claim as an unsecured claim not held by an insider. However, notwithstanding that Lopes Law's $3,975,604 claim was awarded by the same judgment awarding Lopes's $186,000 claim, the Debtor listed Lopes Law's claim as "unknown" and characterized it as contingent, unliquidated, and disputed.

18. Subsequently, on April 7, 2025, the Debtor filed his Schedule E/F, this time listing both Creditors' claims in "unknown" amounts and characterizing them as contingent, unliquidated, and disputed.

19. These characterizations were false. The Debtor knew the precise amounts of the Creditors' claims because they were established by a final state court judgment entered on January 28, 2025, less than two months before the Petition Date.

20. In its Memorandum Opinion Sustaining Objection to Subchapter V Eligibility [Doc. No. 196], this Court found that the Debtor's scheduling of the Creditors' claims was dishonest and improper, stating: "As such, Molina cannot honestly claim these amounts are unknown. Scheduling these claims as 'unknown' when they are certainly known is improper gamesmanship reflecting poorly on Molina's candor."

21. The Court further found that the Debtor's characterization of the Creditors' claims as contingent and unliquidated was "erroneous," noting that "[a] judgment which establishes monetary liability in favor of a party is noncontingent and liquidated as to the sum owed. The pendency of an appeal does not affect the outcome."

22. The Court looked beyond the Debtor's schedules because "it appears to a legal certainty that the Creditors' claims are not what Molina reported them to be."

23. The purpose of the Debtor's false scheduling was to manipulate his reported debt total in order to remain below the $3,024,725 Subchapter V debt limit then in effect, thereby enabling the Debtor to proceed under the more debtor-friendly Subchapter V provisions.

*The Debtor's Lack of Candor Regarding His Homestead Exemption*

24. The Debtor owns certain real property located at 500 Celebration Avenue, Kissimmee, Florida 34747 (the "Property").

25. In his Schedule A/B [Doc. 25], the Debtor claims that the full value of the Property (listed as $1,294,500.00) is exempt as homestead property, pursuant to Fla. Const. Art. X, §4(a)(1) and Fla. Stat. §§222.01 and 222.02.

26. This claim of homestead exemption is false and misleading. The Property does not serve as the Debtor's residence but rather functions solely as the principal business location and corporate headquarters for the Debtor's business, Talent Realty LLC.

27. The Debtor testified at his 341 meeting that the Property is leased to Talent Realty, LLC, further demonstrating that the Property is not used as the Debtor's homestead.

28. The Debtor does not actually reside at the Property. He resides at 501 Celebration Avenue ("501 Celebration"), which is located across the street from the Property and is titled in the Debtor's son's name.

29. The Debtor has lived at 501 Celebration for years. He disclosed 501 Celebration as his address in the State Court Action, which is why the Final Judgment entered January 28, 2025 lists his address as 501 Celebration Avenue, Celebration, Florida 34747.

30. Bank of America and Truist bank statements from 2025 filed in this case at Doc. 51 show the Debtor's address as 501 Celebration, not the Property.

31. Truist "Business Credit Card Application" completed by the Debtor on August 9, 2023 further states that his address is 501 Celebration.

32. Despite this overwhelming evidence that the Debtor resides at 501 Celebration and not the Property, the Debtor claimed the Property as his homestead in his bankruptcy schedules. This false claim of exemption was made knowingly and with fraudulent intent to shield $1,294,500.00 in property value from the reach of his creditors.

33. In addition, the Property was purchased by the Debtor just 701 days prior to the Petition Date, placing it within the 1,215-day period prior to the Petition Date under 11 U.S.C. § 522(p), and the claimed exemption of $1,294,500.00 far exceeds the $214,000.00 statutory cap set forth in 11 U.S.C. § 522(p).

*Pattern of Dishonesty and Lack of Candor*

34. The Debtor's conduct in this case demonstrates a pervasive pattern of dishonesty and lack of candor in connection with his bankruptcy proceedings. The Debtor has repeatedly

made false statements and misrepresentations in his bankruptcy schedules and filings, including but not limited to:

a. Falsely scheduling the Creditors' known, liquidated claims as "unknown," contingent, and unliquidated in order to manipulate his eligibility for Subchapter V;

b. Falsely claiming a homestead exemption on property that serves solely as a business location and corporate headquarters for Talent Realty, LLC, and on which the Debtor does not reside;

c. Claiming a homestead exemption in the amount of $1,294,500.00 when the applicable statutory cap under 11 U.S.C. § 522(p) is $214,000.00; and

d. Filing schedules under oath that this Court has determined contain statements reflecting "improper gamesmanship" and a lack of candor.

**Count I: Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A) — False Oath or Account**

35. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

36. Section 727(a)(4)(A) of the Bankruptcy Code provides that a debtor shall be denied a discharge if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

37. The Debtor made statements under oath in his bankruptcy petition and schedules, including his Schedule A/B and Schedule E/F, which were filed under penalty of perjury pursuant to 28 U.S.C. § 1746 and Federal Rule of Bankruptcy Procedure 1008.

38. These statements were false in multiple material respects:

a. The Debtor falsely scheduled the Creditors' claims in "unknown" amounts and characterized them as contingent, unliquidated, and disputed, when in fact the claims

were established by a final state court judgment in the precise amount of $4,161,604.00, entered less than two months before the Petition Date.

b. The Debtor falsely claimed a homestead exemption on the Property, which is not his residence but rather the corporate headquarters and business location for Talent Realty, LLC, a property leased to that entity, while the Debtor actually resides at 501 Celebration Avenue.

39. The Debtor knew these statements were false. The Debtor was a party to the state court proceedings and was present when the jury rendered its verdict and the court entered the $4,161,604.00 judgment against him. He cannot honestly claim these amounts were "unknown." Likewise, the Debtor knew he did not reside at the Property, as he has lived at 501 Celebration for years and has repeatedly listed 501 Celebration as his address in court filings, bank records, and other documents.

40. The Debtor made these false statements with fraudulent intent.

41. The Debtor's false statements are material to the bankruptcy case. The false scheduling of the Creditors' claims bore directly on the Debtor's eligibility for Subchapter V relief, as the Creditors' claims caused the Debtor to exceed the statutory debt limit.

42. The Debtor's false homestead exemption claim, if allowed, would remove approximately $1,294,500.00 in property value from the bankruptcy estate, materially affecting the distribution available to creditors.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

A. Denying the Debtor a discharge under 11 U.S.C. § 727(a)(4)(A);

B. Awarding Plaintiffs their costs and attorneys' fees incurred in this action to the extent permitted by law; and

C. Granting such other and further relief as this Court deems just and proper.

Dated: May 21, 2026.

**HOLLAND & KNIGHT LLP**
*/s/ Edward M. Fitzgerald*
Edward M. Fitzgerald, Esq.
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
E-mail: edward.fitzgerald@hklaw.com